IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANCIS ANYOKORIT MASIKA,

    Petitioner,

v.                                                        Civil Action No. **3:16CV1006**

CHESAPEAKE CIRCUIT COURT,

    Respondent.

## MEMORANDUM OPINION

Francis Anyokorit Masika, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his convictions in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court"). Respondent moves to dismiss. (ECF No. 13.) Masika has filed a Response. (ECF No. 18.) For the reasons set forth below, the Motion to Dismiss (ECF No. 13) will be DENIED WITHOUT PREJUDICE.

## I. PERTINENT PROCEDURAL HISTORY

### A.    Criminal Proceedings

On January 24, 2014, Masika was convicted in the Circuit Court of forging a check, uttering a forged check, and obtaining money or property by false pretenses. (ECF No. 15–1, at 1.) The Circuit Court sentenced Masika to a total of fifteen years of imprisonment—5 years on each count—and suspended 4 years and 8 months on each count, for a total of fourteen years suspended, and an active sentence of one year. (*Id.* at 2–3.) The Circuit Court also conditioned Masika's sentence suspension on his compliance with supervised probation. (*Id.* at 2.) Masika

---

[1] The Court utilizes the pagination assigned by the CM/ECF docketing system to Masika's § 2254 Petition. The Court corrects the capitalization and punctuation in the quotations from Masika's submissions.

appealed. On April 2, 2015, the Court of Appeals of Virginia denied Masika's petition for appeal. (ECF No. 15-2, at 1-5.) A three-judge panel of the Court of Appeals of Virginia denied Masika's petition for appeal on August 6, 2015. (ECF No. 15-2, at 6.) Masika did not appeal to the Supreme Court of Virginia.

In a letter dated March 26, 2016, Masika wrote to the Circuit Court requesting that his "case be reopened because [his] attorney never informed [him] that this case would affect [his] immigration status. . . ." Letter 1, *Masika v. Commonwealth*, Nos. CR13-524-00, CR13-524-01, CR13-524-02 (Va. Cir. Ct. filed Apr. 1, 2016).[2] By letter dated April 6, 2016, the Circuit Court informed Masika that his March 26, 2016 letter was received and had been forwarded to his attorney. *Masika v. Commonwealth*, Nos. CR13-524-00, CR13-524-01, CR13-524-02 (Va. Cir. Ct. Apr. 6, 2016).

In a letter dated March 29, 2016, Masika wrote to the Circuit Court requesting "filing for ineffective [assistance of] counsel" and that the Court "vacate the judgment . . . and permit [him] to withdraw [his] plea . . . ." Letter 1, *Masika v. Commonwealth*, Nos. CR13-524-00, CR13-524-01, CR13-524-02 (Va. Cir. Ct. filed Apr. 4, 2016) (capitalization corrected). By letter dated April 12, 2016, the Circuit Court informed Masika that his March 29, 2016 letter was received and had been forwarded to his attorney. *Masika v. Commonwealth*, Nos. CR13-524-00, CR13-524-01, CR13-524-02 (Va. Cir. Ct. Apr. 12, 2016).

In a letter received by the Circuit Court on September 29, 2016, Masika requested that the Court "reconsider the sentencing in [his] case . . . ." Letter 1, *Masika v. Commonwealth*, Nos. CR13-524-00, CR13-524-01, CR13-524-02 (Va. Cir. Ct. filed Sept. 29, 2016). The record reveals that the Circuit Court retained Masika's September 29, 2016 letter but did not take

---

[2] Masika seemingly believes that this letter was a "Motion to Vacate or Set Aside." (*See* § 2254 Pet. 3.)

any action on it because it did "not comply with Rule 12(B) of the Chesapeake Circuit Court." *Masika v. Commonwealth*, Nos. CR13–524–00, CR13–524–01, CR13–524–02 (Va. Cir. Ct. Sept. 29, 2016).

In a letter dated November 11, 2016, Masika wrote to the Circuit Court requesting that the Court consider his "petition for grievance" about the custody credit he believed he was entitled to while in jail. Letter 1, *Masika v. Commonwealth*, Nos. CR13–524–00, CR13–524–01, CR13–524–02 (Va. Cir. Ct. filed Nov. 16, 2016) (capitalization corrected). The record reveals that the Circuit Court retained Masika's November 11, 2016 letter but did not take any action on it because it did "not comply with Rule 12(B) of the Chesapeake Circuit Court." *Masika v. Commonwealth*, Nos. CR13–524–00, CR13–524–01, CR13–524–02 (Va. Cir. Ct. Dec. 27, 2016).

In a letter dated December 27, 2016, Masika wrote to the Circuit Court inquiring about his "couple of letters" for which he did not receive a response. Letter 1, *Masika v. Commonwealth*, Nos. CR13–524–00, CR13–524–01, CR13–524–02 (Va. Cir. Ct. filed Dec. 29, 2016). By letter dated January 5, 2017, the Circuit Court informed Masika that his "request has been forwarded to Judges Chambers." *Masika v. Commonwealth*, Nos. CR13–524–05, CR13–524–06, CR13–524–07 (Va. Cir. Ct. Jan. 5, 2017).[3]

### B. Probation Violation Proceedings

On October 27, 2016, Masika entered a plea of nolo contendere to violating conditions of his supervised probation. *See* Revocation Order 1–3, *Commonwealth v. Masika*, Nos. CR13–524–05, CR13–524–06, CR13–524–07 (Va. Cir. Ct. Oct. 27, 2016). The Circuit Court revoked his sentence and re-suspended all but eighteen months of imprisonment. *Id.* at 2; *see* Correction

---

[3] The Circuit Court's January 5, 2017 letter refers only to the criminal case numbers assigned to Masika's probation violation proceedings which are detailed in Part I.B.

Order 1, *Commonwealth v. Masika*, Nos. CR13-524-05, CR13-524-06, CR13-524-07 (Va. Cir. Ct. Dec. 13, 2017).

The Circuit Court docketed all of the same letters detailed above, and others, in its file pertaining to Masika's probation violation proceedings. In addition, the record reveals that counsel filed a Motion for Reconsideration of Masika's sentence on November 27, 2017. *See* Motion for Reconsideration, *Commonwealth v. Masika*, Nos. CR13-524-05, CR13-524-06, CR13-524-07 (Va. Cir. Ct. filed Nov. 27, 2017). The Circuit Court denied the Motion for Reconsideration on November 30, 2017. Order at 1, *Commonwealth v. Masika*, Nos. CR13-524-05, CR13-524-06, CR13-524-07 (Va. Cir. Ct. Nov. 30, 2017).

On December 18, 2016, Masika filed his § 2254 Petition with this Court. (§ 2254 Pet. 15.)[4] In his § 2254 Petition, the Court construes Masika to assert the following:

| | |
|---|---|
| Claim One: | The Commonwealth conducted a malicious prosecution of Masika when the Commonwealth's Attorney filed new charges against Masika after his initial conviction was overturned on appeal. (*Id.* at 5.) |
| Claim Two: | The Commonwealth's Attorney and the Circuit Court judge were prejudiced against Masika because his initial conviction was overturned on appeal. (*Id.* at 7.) |
| Claim Three: | The Commonwealth withheld exculpatory evidence from Masika's defense. (*Id.* at 8.) |
| Claim Four: | Masika received a "prejudicial" and "malicious" sentence for violating his probation. (*Id.* at 10.) |

## II. RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss, arguing that the statute of limitations governing federal habeas petitions bars Masika's Claims One, Two, and Three, and because all four of Masika's

---

[4] This is the date the Masika swears he gave the § 2254 Petition to prison officials for mailing to the Court and the date the Court deems the § 2254 Petition filed. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

claims are procedurally defaulted. (Br. Supp. Mot. Dismiss 3–6, ECF No. 15.)

A. **Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Further, 28 U.S.C. § 2244(d)(2) provides that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted). Further, the Supreme Court has instructed that "collateral review" of a judgment means "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

Respondent fails to address how Masika's various letters to the Circuit Court affect the federal limitations period and whether Masika is entitled to statutory tolling for these filings. *See Wall*, 562 U.S. at 553. Because Respondent fails to address the effect of these letters, the Court declines to find that Masika's Claims One through Three are barred by the statute of limitations at this juncture.

B. **Exhaustion and Procedural Default**

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C.

§ 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "'both the operative facts and the controlling legal principles'" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2014). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746-HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Masika has not presented any of his claims to the Supreme Court of Virginia either on direct appeal or in a subsequent petition for a writ of habeas corpus. Respondent argues that if Masika were to return to state court now and attempt to present his claims, "he would run into several procedural roadblocks." (Br. Supp. Mot. Dismiss 5.) Thus, Respondent avers that Masika has procedurally defaulted all four of his claims. (*Id.* at 6.)

### 1. Masika's Challenges to His Underlying Convictions (Claims One, Two, and Three)

In Claims One, Two, and Three, Masika challenges his convictions of forging a check, uttering a forged check, and obtaining money or property by false pretenses because he alleges that he was the victim of a malicious prosecution (Claim One), that the Commonwealth's Attorney and judge were prejudiced against him (Claim Two), and that the prosecution withheld exculpatory evidence from his defense (Claim Three). (§ 2254 Pet. 5–9.) Although Masika appealed his conviction, Masika concedes in his § 2254 Petition that he has not raised these three claims before the Supreme Court of Virginia. (*See id.* at 5, 7, 9.)

Respondent argues that Masika has procedurally defaulted his Claims One, Two, and Three. In all, Respondent states,

> claims 1, 2, and 3 would be procedurally barred from being raised in the Supreme Court of Virginia on direct appeal by Va. Sup. Ct. R. 5:14, the filing deadline for an appeal from the Court of Appeals of Virginia. Second, claims 1, 2, [and] 3 would be procedurally barred from being raised in habeas corpus by Virginia Code § 8.01–654(A)(2), the statute of limitations for filing a state habeas corpus petition... Lastly, under the rule established by *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), an issue that could have been raised at trial or on direct appeal, but was not, cannot be considered in habeas corpus in Virginia. All of Masika's claims . . . would be procedurally barred by the rule stated in *Parrigan*. The Fourth Circuit has repeatedly recognized that the procedural default rule set forth in *Parrigan* constitutes an adequate and independent state

8

> law ground for decision. *See, e.g., Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). Thus, Masika has procedurally defaulted on the present claims. *See, e.g., Justus v. Murray*, 897 F.2d 709 (4th Cir. 1990) (where petitioner failed to appeal claim to state's highest court such claims are defaulted).
>
> Masika has not provided any argument or evidence to excuse his untimeliness or procedural default by establishing cause and prejudice or a fundamental miscarriage of justice.

(Br. Supp. Mot. Dismiss 5–6 (paragraph number omitted).)

Masika has not exhausted Claims One, Two, and Three as he has failed to present these claims to the Supreme Court of Virginia. If Masika now attempted to present Claims One, Two, and Three to the Supreme Court of Virginia, that Court would find the claims procedurally barred pursuant to the rule in *Slayton* because Masika could have raised, but failed to raise, these claims at trial and on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Therefore, Masika has procedurally defaulted his Claims One, Two, and Three unless he shows cause and prejudice or actual innocence.

In his § 2254 Petition, Masika appears to fault both trial counsel and appellate counsel for his failure to raise Claims One, Two, and Three at trial or on appeal.[6] (*See* § 2254 Pet. 6, 7, 9.) Thus, Masika suggests that trial and appellate counsel were the cause of his default of Claims One, Two, and Three. Respondent fails to address Masika's assertion of cause with respect to these claims. At this juncture, the Court declines to find Masika's Claims One, Two, and Three procedurally defaulted, and the Motion to Dismiss will be DENIED WITHOUT PREJUDICE

---

[6] The Court notes that Masika's submissions are confusing, and it appears that Masika had different counsel at trial, on direct appeal, and at his revocation hearing. (*See* § 2254 Pet. 7; Resp. 3, 10, ECF No. 18.) However, from what the Court can discern, Masika primarily complains that trial counsel failed to preserve issues for appeal. (*See* § 2254 Pet. 7, 9; Resp. 5.)

9

with respect to these claims.[7]

### 2. Masika's Challenge to His Probation Revocation (Claim Four)

In Claim Four, Masika challenges the imposed sentence for violating the conditions of his supervised probation. (§ 2254 Pet. 10.) Specifically, Masika alleges he received a "prejudicial" and "malicious" sentence for violating his probation. (*Id.*) Masika concedes that he has not presented Claim Four to the Supreme Court of Virginia for review. (*See id.*)

Respondent argues that Masika has procedurally defaulted Claim Four. Respondent contends that Masika has not presented Claim Four to the Supreme Court of Virginia and that if he attempted to return to state court now to appeal, he would be barred by Rule 5:9 of the Supreme Court of Virginia, which limits the time for filing an appeal from the trial court. (Br. Supp. Mot. Dismiss 6.) Respondent also contends that Claim Four is barred from review in a state petition for habeas corpus by the rule established in *Slayton*. (*Id.*)

Masika has not exhausted Claim Four as he has failed to present this claim to the Supreme Court of Virginia, and this Court agrees that it would be procedurally barred pursuant to the rule in *Slayton*. Thus, Masika has procedurally defaulted Claim Four unless he demonstrates cause and prejudice to excuse his default or actual innocence.

In his § 2254 Petition, Masika vaguely suggests that he "wrote to the Circuit Court twice and also to [his] attorney . . . and neither of them repl[ied] . . . They didn't even acknowledge receiving [his] petition." (§ 2254 Pet. 10.) In his Response, Masika adds:

> I did appeal my probation violation through my pro bono attorney Mr. Peter Jankel. I also wrote the court about my appeal of the sentence but didn't get

---

[7] Masika also never raised the substance of the underlying claims through ineffective assistance of counsel claims in a habeas petition before the state. However, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the fact that Masika had no counsel to assist him with an initial-review collateral proceeding may establish cause for the procedural default of these claims. *Martinez*, 132 S. Ct. at 1320.

a respon[se] either. I called my attorney nearly twice a day for 3 weeks straight, wrote 4 letters and had my wife also call. He never responded even once.

(Resp. 3.) Thus, it appears that Masika faults trial counsel for the default of his claim because he desired to appeal his sentence, and counsel failed to note an appeal. Respondent again fails to address Masika's argument that counsel serves as the cause for the default of this claim. At this juncture, the Court declines to find Claim Four procedurally defaulted, and the Motion to Dismiss with respect to Claim Four will be DENIED WITHOUT PREJUDICE.[8]

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be DENIED WITHOUT PREJUDICE. Respondent will be DIRECTED to file, within thirty (30) days of the date of entry hereof, a further response wherein it may raise any procedural defenses, but must address the merits of Masika's Claims One through Four.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: February 26, 2018
Richmond, Virginia

---

[8] In his Response, Masika asks the Court to "accept the ineffective assistance of counsel as ground no. 5 because the state court wouldn't act on [his] request (petition)." (Resp. 3.) However, Masika fails to identify on what ground he attempts to bring a claim of ineffective assistance of counsel. Instead, he seemingly faults the Circuit Court for failing to take action on his numerous letters. *See supra* Part I. To the extent that Masika seeks to add a fifth claim, that request will be denied.