IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANCIS ANYOKORIT MASIKA,

Petitioner,

v.  Civil Action No. 3:16CV1006

CHESAPEAKE CIRCUIT COURT,

Respondent.

## MEMORANDUM OPINION

Francis Anyokorit Masika, a former Virginia prisoner proceeding *pro se*,[1] brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[2] challenging his convictions in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court") and the sentence he received for violating the terms of his supervised probation. By Memorandum Opinion and Order entered on February 27, 2018, the Court denied without prejudice Respondent's Motion to Dismiss. (ECF Nos. 27–28.) The matter is now before the Court on Respondent's Renewed Motion to Dismiss ("Motion to Dismiss," ECF No. 30). Masika has filed a Response. (ECF No. 35.) For the reasons set forth below, the Motion to Dismiss (ECF No. 30) will be GRANTED.

### I. PERTINENT PROCEDURAL HISTORY

**A.** **Masika's Criminal Proceedings**

On March 5, 2013, a grand jury indicted Masika for forging a check (Count One), uttering a forged check (Count Two), obtaining money or property by false pretenses (Count

---

[1] It appears that Masika was released from incarceration in April 2018. (*See* ECF Nos. 29, 34.)

[2] The Court utilizes the pagination assigned by the CM/ECF docketing system to Masika's submissions. The Court corrects the capitalization, spelling, and punctuation in the quotations from Masika's submissions.

Three), and money laundering–proceeds from felony activity (Count Four). (ECF No. 32-7, at 1–4.) On January 24, 2014, Masika entered an *Alford* Plea[3] and was convicted in the Circuit Court of Counts One, Two, and Three, and the Commonwealth *nolle prossed* Count Four. (ECF No. 32-1, at 3.) On July 15, 2014, the Circuit Court sentenced Masika to a total of fifteen years of imprisonment—five years on each count—and suspended four years and eight months on each count, for a total of fourteen years suspended, and an active sentence of one year. (*Id.* at 4–5.) The Circuit Court also conditioned Masika's sentence suspension on his compliance with supervised probation. (*Id.* at 4.) Masika appealed.

On April 2, 2015, the Court of Appeals of Virginia denied Masika's petition for appeal. (ECF No. 32-2, at 1–5.) On August 6, 2015, a three-judge panel of the Court of Appeals of Virginia denied Masika's petition for appeal. (*Id.* at 6.) Masika did not appeal to the Supreme Court of Virginia.

During the pendency of Masika's appeal of his convictions for forging a check, uttering a forged check, and obtaining money or property by false pretenses, on May 6, 2014, the Court of Appeals of Virginia reversed Masika's previous conviction for failure to return leased property, which was unrelated to the other convictions on appeal. (ECF No. 32-6.)

B.   Probation Violation Proceedings

On October 27, 2016, Masika entered a plea of *nolo contendere* to violating conditions of his supervised probation.[4] (ECF No. 32-5, at 1–5.) The Circuit Court revoked Masika's sentence and re-suspended all but eighteen months of imprisonment. (*Id.* at 2; *see id.* at 4–5.)

---

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[4] In Virginia, a plea of *nolo contendere* is a "no contest" plea. *Smith v. Virginia*, 722 S.E.2d 310, 316 (Va. 2012); *see also Virginia v. Jackson*, 499 S.E.2d 276, 278 (Va. 1998) (quotations and citation omitted) (second alteration in original) ("[B]y entering a plea of nolo contendere, the defendant implies a confession . . . of the truth of the charge . . . [and] agrees that the court may

2

On November 27, 2017, counsel filed a Motion for Reconsideration of Masika's sentence. *See* Motion for Reconsideration, *Commonwealth v. Masika*, Nos. CR13–524–05, CR13–524–06, CR13–524–07 (Va. Cir. Ct. filed Nov. 27, 2017). The Circuit Court denied the Motion for Reconsideration on November 30, 2017. Order at 1, *Commonwealth v. Masika*, Nos. CR13–524–05, CR13–524–06, CR13–524–07 (Va. Cir. Ct. Nov. 30, 2017).

### C. § 2254 Petition

On December 18, 2016, Masika filed his § 2254 Petition with this Court. (§ 2254 Pet. 15.)[5] In his § 2254 Petition, the Court construes Masika to assert the following:

| | |
|---|---|
| Claim One: | The Commonwealth conducted a malicious prosecution of Masika when the Commonwealth's Attorney filed new charges against him after his initial conviction was overturned on appeal. (*Id.* at 5.) |
| Claim Two: | The Commonwealth's Attorney and the Circuit Court judge were prejudiced against Masika because his initial conviction was overturned on appeal. (*Id.* at 7.) |
| Claim Three: | The Commonwealth withheld exculpatory evidence from Masika's defense. (*Id.* at 8.) |
| Claim Four: | Masika received a "prejudicial" and "malicious" sentence for violating his probation. (*Id.* at 10.) |

Respondent moves to dismiss, arguing that the statute of limitations governing federal habeas petitions bars Claims One, Two, and Three, and that all four of Masika's claims are procedurally defaulted. (Br. Supp. Mot. Dismiss 3–6, ECF No. 32.) For the reasons that follow, the Court finds that Masika's claims are procedurally defaulted and barred from review here.[6]

---

consider him guilty for the purpose of imposing judgment and sentence.").

[5] This is the date the Masika swears he gave the § 2254 Petition to prison officials for mailing to the Court and the date the Court deems the § 2254 Petition filed. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] In the Court's Memorandum Opinion denying Respondent's first Motion to Dismiss, the Court also denied Masika's request to add a fifth habeas claim. (ECF No. 27, at 11 n.8.) To the extent that Masika attempts to continue to litigate a fifth claim (*see* ECF No. 25; ECF No. 26; ECF

## II. ANALYSIS

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "'both the operative facts and the controlling legal

---

No. 35, at 3–4), the Court declines to consider such a claim for the reasons stated in the February 22, 2018 Memorandum Opinion.

principles'" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01–654(A)(1) (West 2018). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*,

5

501 U.S. at 735 n.1).[7] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### A. Masika's Challenges to his Underlying Convictions (Claims One, Two, and Three)

In Claims One, Two, and Three, Masika challenges his convictions of forging a check, uttering a forged check, and obtaining money or property by false pretenses because he alleges that he was the victim of a malicious prosecution (Claim One), that the Commonwealth's Attorney and judge were prejudiced against him (Claim Two), and that the prosecution withheld exculpatory evidence from his defense (Claim Three). (§ 2254 Pet. 5–9.) Although Masika appealed these convictions,[8] Masika concedes in his § 2254 Petition that he has not raised these three claims before the Supreme Court of Virginia. (*See id.* at 5, 7, 9.)

Masika has not exhausted Claims One, Two, and Three because he has failed to present these claims to the Supreme Court of Virginia. If Masika now attempted to present Claims One, Two, and Three to the Supreme Court of Virginia, that Court would find the claims procedurally barred pursuant to the rule in *Slayton* because Masika could have raised, but failed to raise, these claims at trial and on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997).

---

[7] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[8] On appeal, Masika challenged his restitution and the length of his sentence. (*See* ECF No. 32–6, at 1–6.)

Therefore, Masika has procedurally defaulted his Claims One, Two, and Three unless he shows cause and prejudice or actual innocence.

In his § 2254 Petition, Masika appears to fault either trial counsel or appellate counsel for his failure to raise Claims One, Two, and Three at trial or on appeal.[9] (*See* § 2254 Pet. 6, 7, 9.) Thus, the Court generously construes Masika to argue that counsel was the cause for his default of Claims One, Two, and Three. Although Masika never raised the substance of his underlying claims through ineffective assistance of counsel claims in a habeas petition before the state,[10] in light of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), the fact that Masika had no counsel to assist him with an initial-review collateral proceeding may establish cause for the procedural default of these claims. *Martinez*, 566 U.S. at 16.

### 1. Claim One

In Claim One, Masika argues that the Commonwealth conducted a malicious prosecution of him when the Commonwealth's Attorney filed new charges against him after his previous conviction for failure to returned leased property was overturned on appeal. (§ 2254 Pet. 5.) Specifically, Masika alleges,

> The state attorney ... filed a new charge against me immediately after his last case against me got reversed and dismissed by the VA appellate court. Case #CR11–154–00 Court of Appeals of VA Record # 0575–13–1. The new cases he filed against me were CR13–524–00, CR13–524–01, CR13–524–02, with a date

---

[9] The Court notes that Masika's submissions are confusing, and it appears that Masika had different counsel at trial, on direct appeal, and at his revocation hearing. (*See* § 2254 Pet. 7; ECF No. 18, at 3, 10) However, from what the Court can discern, Masika primarily complains that trial counsel failed to preserve issues for appeal. (*See* § 2254 Pet. 7, 9.)

[10] In the Court's Memorandum Opinion denying Respondent's first Motion to Dismiss, the Court explained that after his conviction, Masika wrote several letters to the Circuit Court requesting that the Circuit Court, among other things, "vacate his sentence." (ECF No. 27, at 2.) Masika apparently believes that at least one of these letters was a "Motion to Vacate or Set Aside." (*See* § 2254 Pet. 3.) However, in the interests of judicial economy and because the Circuit Court never took action on any of Masika's various letters, the Court considers Masika not to have filed a state petition for a writ of habeas corpus.

> of offense of Oct 2009. He filed th[ese] charges in Dec. of 2013, [three and a half] years after the fact and immediately after the dismissal [and] reversal.

(*Id.*) In his § 2254 Petition, Masika vaguely suggests that counsel failed to raise this malicious prosecution claim either at trial or on direct appeal. (*Id.* at 6.) Thus, the Court construes Masika to allege that his trial and appellate counsel's ineffective assistance serve as the cause for his default of Claim One.

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

The Court construes Masika to argue that trial counsel was ineffective for failing to object at trial, or for failing to preserve for appeal, Masika's argument that he was the subject of a malicious prosecution. As an initial matter, any argument that counsel failed to raise a malicious prosecution claim during Masika's criminal proceedings is without merit because "a claim of malicious prosecution is a civil tort, *Brennan v. United States*, No. 7:05CV00300, 2005 WL 2180474, at *3 (W.D. Va. Sept. 9, 2005), and thus such cause of action would have been

8

inapplicable in [Masika's] criminal case." *United States v. Albrechta*, No. 3:13–CR–128, 2015 WL 4477686, at *3 (E.D. Va. July 22, 2015).[11] Moreover, Masika's trial counsel was not deficient in his performance. The record establishes that on March 5, 2013, Masika was indicted by a grand jury in the Circuit Court for, *inter alia*, one count of forging a check, one count of uttering a forged check, and one count of obtaining money or property by false pretenses. ("March 2013 Indictment," ECF No. 32–7, at 1–4.) On January 24, 2014, Masika entered an *Alford* Plea and was convicted in the Circuit Court of all three counts. ("January 24, 2014 Plea," ECF No. 32–1, at 3.) The record further establishes that *after* the March 2013 Indictment and Masika's January 24, 2014 Plea, on May 6, 2014, the Court of Appeals of Virginia reversed Masika's unrelated conviction of failure to return leased property. (*See* ECF No. 32–6.) Therefore, Masika's assertion that the Commonwealth's Attorney filed the March 2013 Indictment "immediately after the dismissal and reversal" is belied by the record. Masika's trial counsel was not deficient in his performance because counsel did not have a factual basis to argue that Masika was somehow the subject of a malicious prosecution on the basis that Masika's previous conviction had been overturned on appeal. Thus, any such objection would have been meritless. *See United States v. Anthony*, 149 F. App'x 135, 136 (4th Cir. 2005) (explaining that counsel is not ineffective for failing to raise a meritless objection). Masika fails to demonstrate that trial counsel was deficient or that his actions prejudiced Masika's defense.

---

[11] Although Masika frames this claim as one of malicious prosecution, the Court believes that he may intend to bring a claim of vindictive prosecution. A prosecutor violates the Due Process clause "by exacting a price for a defendant's exercise of a clearly established right or by punishing the defendant for doing what the law plainly entitles him to do." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (citations omitted). "To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *Id.* (citations omitted). Regardless of how Masika labels this claim, it lacks merit.

Accordingly, ineffective assistance of Masika's trial counsel cannot serve as the cause of his default of Claim One.

Masika also vaguely suggests that appellate counsel is the cause of his default of Claim One. (*See* § 2254 Pet. 6.) However, to the extent that Masika argues it, *Martinez* does not excuse Masika's default of his ineffective assistance of appellate counsel claim. *See Gaither v. Zook*, No. 3:16CV64, 2017 WL 561809, at *4 (E.D. Va. Feb. 10, 2017) (citing cases), *appeal dismissed*, 699 F. App'x 261 (4th Cir. 2017). Nonetheless, Masika's claim of ineffective assistance of appellate counsel is readily dismissed for lack of merit. "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). As explained previously, the March 2013 Indictment and Masika's January 24, 2014 Plea were filed well before the Court of Appeals of Virginia reversed Masika's unrelated conviction for failure to return leased property in May of 2014. Like trial counsel, appellate counsel did not have a factual basis to argue that Masika was somehow the subject of a malicious prosecution when the March 2013 Indictment was filed, and thus, such an argument would have been meritless.

Masika fails to demonstrate that counsel was deficient or that he suffered any resulting prejudice from counsel's failure to raise Masika's meritless claim. Therefore, counsel cannot serve as the cause of the default of his Claim One. Claim One is procedurally defaulted, barred from review here, and will be DISMISSED.

### 2. Claim Two

In Claim Two, Masika alleges that the Commonwealth's Attorney and the Circuit Court judge were prejudiced against Masika because his previous conviction for failure to return leased property was overturned on appeal. (§ 2254 Pet. 7.) Specifically, Masika argues that,

> The same prosecutor . . . made sure he took [Masika] in front of the same judge (Judge Brown) of whom had just had his judgment reversed and dismissed and was . . . prejudiced against [Masika] for spoiling his record and getting the reversed and dismissed case published. . . . He should have recused himself and also the state attorney . . . .

(*Id.*) In his § 2254 Petition, Masika vaguely suggests that counsel failed to raise Claim Two during his criminal proceedings.[12] (*See id.*) The Court construes Masika to allege that his trial counsel rendered ineffective assistance by failing to object, or failing to preserve for appeal, Masika's argument that he was prejudiced by the Commonwealth's Attorney and Judge Brown, and thus, counsel serves as the cause for his default of Claim Two.

For the same reasons explained above, Masika's trial counsel cannot serve as the cause for Masika's procedural default of Claim Two. The March 2013 Indictment and Masika's January 24, 2014 Plea occurred *before* the Court of Appeals of Virginia reversed Masika's unrelated conviction for failure to return leased property. Therefore, counsel could not have objected on the basis that the Commonwealth's Attorney and Judge Brown were somehow

---

[12] Masika also argues that his "probation violation attorney . . . had the same information an[d] he also didn't do anything." (§ 2254 Pet. 7.) To the extent that Masika argues that the attorney who represented him at his probation violation hearing serves as the cause of his default of Claim Two, such an argument fails. The Supreme Court made clear that while *Martinez* applies to initial-review collateral proceedings, it "does not concern attorney errors in other kinds of proceedings." *Martinez*, 566 U.S. at 16 (citation omitted). Masika's probation violation hearing was not the initial-review collateral proceeding for his convictions of forging a check, uttering a forged check, and obtaining money or property by false pretenses. Thus, ineffective assistance of his attorney at the hearing cannot serve as the cause of his default of Claim Two under *Martinez*. Moreover, as discussed in this section, counsel was not deficient for failing to raise Masika's meritless argument that he was prejudiced by the Commonwealth's Attorney and the Circuit Court judge. *See Anthony*, 149 F. App'x at 136 (citation omitted).

prejudiced against Masika during his criminal proceedings because the Court of Appeals of Virginia had overturned Masika's previous conviction that they participated in.

Moreover, trial counsel was not ineffective for failing to argue that Masika was prejudiced by the Commonwealth's Attorney and Judge Brown's involvement in his criminal proceedings. A criminal defendant is not prejudiced by a prosecutor solely because the prosecutor had previously prosecuted the defendant for another crime.[13] Likewise, Judge Brown was under no obligation to recuse himself in Masika's criminal proceedings.[14] *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted) (explaining that "judicial rulings alone almost never constitute a valid basis for bias" to demand recusal of a judge). Accordingly, Masika's trial counsel was neither deficient in his performance nor was Masika prejudiced by counsel's failure to advance Masika's meritless argument. Counsel therefore cannot serve as the cause for the default of his Claim Two. Claim Two is procedurally defaulted, barred from review here, and will be DISMISSED.

---

[13] Masika's assertion that he was "prejudiced" by the Commonwealth's Attorney is best read as a prosecutorial misconduct claim. To prevail on a prosecutorial misconduct claim, a defendant must demonstrate that the prosecutor's remarks or conduct was improper and that the misconduct prejudicially affected the defendant's substantial rights. *United States v. Caro*, 597 F.3d 608, 624–25 (4th Cir. 2010) (citation omitted). In the present § 2254 Petition, the Court construes Masika to argue that the Commonwealth's Attorney's prosecution of him for forging a check, uttering a forged check, and obtaining money or property by false pretenses was improper. However, this argument fails because these charges were presented to a grand jury for a finding of probable cause, and Masika does not allege that the Commonwealth's Attorney's preparation of the grand jury indictment contained intentionally false or misleading information. *See United States v. Mills*, 995 F.2d 480, 489 (4th Cir. 1993) (concluding that because petitioner did "not argue that the Government intentionally engaged in misconduct, that it deliberately misinformed the grand jury, or that any procedural rule was violated" there was no prosecutorial misconduct).

[14] Moreover, the record reflects that Judge Brown did not preside over Masika's sentencing for his convictions of forging a check, uttering a forged check, and obtaining money or property by false pretenses. (*See* ECF No. 32–1, at 3–5.)

### 3. Claim Three

In Claim Three, Masika argues that the Commonwealth withheld exculpatory evidence from Masika's defense. (§ 2254 Pet. 8.) Masika alleges that,

> [Masika's] attorney . . . before [Masika] accepting the plea, requested for [Masika's] property that was seized so [Masika] could try and get some evidence to prove [Masika's] innocence. They told [Masika's] attorney that all they had was an iPhone cellphone (which was broke). After [Masika] took the Alford Plea, 6 months later they release all my property with files I needed and other cellphones that I needed for my case. In court the detective claimed that my property had nothing pertaining to [Masika's] case. How could she know???? They should have given it to [Masika] to decide that.

(*Id.*) In his § 2254 Petition, Masika vaguely suggests that counsel failed to raise Claim Three during his criminal proceedings. (*See id.* at 9.) Therefore, the Court once again construes Masika to allege that his counsel's ineffective assistance serves as the cause for his default of Claim Three.

To obtain relief under *Brady v. Maryland*, 373 U.S. 83 (1963), a litigant must "(1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material." *United States v. King*, 628 F.3d 693, 701 (4th Cir. 2011) (citing *Monroe v. Angelone*, 323 F.3d 286, 299 (4th Cir. 2003)). Under the *Brady* analysis, evidence is material if it generates a "reasonable probability" of a different result at trial had the evidence been disclosed. *Moseley v. Branker*, 550 F.3d 312, 318 (4th Cir. 2008) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). The Court recognizes that in the context of a guilty plea, *Brady* may have no applicability, *see Loiseau v. Clarke*, No. 3:12CV580, 2013 WL 3894001, at * 3 (E.D. Va. July 26, 2013) (citations omitted), however, the Court need not delve into that analysis because Masika's *Brady* claim is meritless.

Masika's *Brady* claim fails because he provides no indication that the various cellphones and files held by the Commonwealth were favorable to his defense. *See Caro*, 597 F.3d at 619. At most, Masika alleges that the Commonwealth should have given Masika the evidence to decide for himself whether such evidence was relevant in his case.[15] Such an argument fails to meet Masika's burden that he establish that the materials contained information that was favorable to his defense. *See id.*

Because Masika fails to demonstrate that that the cellphones and files he received from the Commonwealth were favorable to his defense, he also fails to demonstrate that counsel was ineffective for failing to raise his *Brady* claim or that he suffered any resulting prejudice. *See Anthony*, 149 F. App'x at 136. Therefore, Masika's trial counsel cannot serve as the cause for the default of his Claim Three. Claim Three is procedurally defaulted, barred from review here, and will be DISMISSED.

### B. Masika's Challenge to His Probation Revocation (Claim Four)

In Claim Four, Masika challenges the sentence imposed for violating the conditions of his supervised probation.[16] (§ 2254 Pet. 10.) Specifically, Masika alleges he received a "prejudicial" and "malicious" sentence for violating his probation (*id.*), because, "[i]n closing arguments, my attorney . . . stated that even if the Judge found me guilty of the violation . . . my

---

[15] In his Response to Respondent's Motion to Dismiss, it appears that Masika attempts to explain what materials were *Brady* material. (*See* ECF No. 35, at 4.) However, Masika's explanation makes little sense, and the Court does not discern how these items were favorable to his defense.

[16] The Court notes that because Masika has since been released from incarceration, his Claim Four challenging the sentence that he received for violating the conditions of his supervised probation may be moot. *See Singleton v. Eagleton*, No. 2:12–CV–02339–GRA, 2013 WL 4436409, at *6 (D.S.C. Aug. 15, 2013) (concluding that a habeas petition was moot because "[p]etitioner [was] no longer serving the sentence imposed upon him by his probation revocation; he [was] no longer on probation or parole, nor [was] he subject to probation or parole supervision, or otherwise confined to state custody."). However, because neither party addresses the issue of mootness and because Masika appears to still be on supervised probation for his underlying convictions (*see* ECF No. 32–5, at 2, 4; ECF No. 32–1, at 4), the Court will consider whether Masika has procedurally defaulted Claim Four.

sentencing guidelines only called for probation/no incarceration." (ECF No. 35, at 5.) Masika concedes that he has not presented Claim Four to the Supreme Court of Virginia for review. (§ 2254 Pet. 10–11.)

Masika has defaulted Claim Four because he has not presented it to the Supreme Court of Virginia for review and, if he attempted to return to state court now to appeal, he would be barred by Rule 5:9 of the Supreme Court of Virginia, which limits the time for filing an appeal, and pursuant to the rule in *Slayton*. Like the rule in *Slayton*, Rule 5:9 of the Supreme Court of Virginia is an adequate and independent state procedural rule. *See Wise v. Williams*, 982 F.2d 142, 143–44 (4th Cir. 1992) (citing cases).

In his § 2254 Petition, Masika vaguely suggests that he "wrote to the Circuit Court twice and also to [his] attorney . . . and neither of them repl[ied] . . . ." (§ 2254 Pet. 10.) In his Response to Respondent's first Motion to Dismiss, Masika added:

> I did appeal my probation violation through my pro bono attorney Mr. Peter Jankel. I also wrote the court about my appeal of the sentence but didn't get a respon[se] either. I called my attorney nearly twice a day for 3 weeks straight, wrote 4 letters and had my wife also call. He never responded even once.

(ECF No. 18, at 3.) Thus, it appears that Masika faults trial counsel for the default of his claim because he desired to appeal his sentence and counsel failed to note an appeal. (*See id.*; *see also* ECF No. 35, at 2.) Again, although Masika never raised the substance of his underlying claims through ineffective assistance of counsel claims in a habeas petition before the state, in light of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S 413 (2013), the fact that Masika had no counsel to assist him with an initial-review collateral proceeding may establish cause for the procedural default of Claim Four. *Martinez*, 566 U.S. at 16. Nonetheless, Masika fails to demonstrate that counsel's ineffective assistance was the cause of his default of Claim Four. Specifically, Masika fails to demonstrate that he had a constitutional right to counsel

during his probation violation hearing, and thus, he cannot bring a claim of ineffective assistance of counsel based on such representation.

The right to counsel, if any, at a probation revocation hearing flows from the Due Process Clause of the Fourteenth Amendment[17] rather than from the Sixth Amendment.[18] *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (identifying "fundamental fairness—the touchstone of due process" as the source for the right to counsel in revocation proceedings); *United States v. Taylor*, 414 F.3d 528, 535–36 (4th Cir. 2005). The Supreme Court noted that "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." *Gagnon*, 411 U.S. at 790. Generally, counsel should be appointed where the probationer requests counsel

> based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* Despite the presence of counsel at Masika's probation violation hearing, "this Court must conduct a *Gagnon* analysis to discern whether [Masika] had a constitutional *right* to counsel in this probation revocation hearing." *Lerch v. Hinkle*, No. 3:08CV305, 2009 WL 603425, at *3 (E.D. Va. Mar. 9, 2009) (citations omitted).

Here, Masika cannot meet the requirements of review under *Gagnon*, meaning he cannot establish he had a constitutional right to counsel at his probation violation hearing. Masika failed

---

[17] "No State shall ... deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[18] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

to present a colorable claim of innocence for his probation violation, as he entered a plea of *nolo contendere* to violating conditions of his supervised probation. (ECF No. 32–5, at 1.) Masika's plea prevents relief under the first part of the *Gagnon* test. *See Maxwell v. Barnett*, No. 89–6027, 1991 WL 22828, at *2 (4th Cir. Feb. 26, 1991) (explaining that "*Gagnon* requires the provision of counsel . . . where the alleged parole violations are contested.").

As to the second part of analysis in *Gagnon*, Masika argues that he "took a nolo contendere plea because [he] travel[ed] to go bury [his] only brother and [he] did inform [his] probation office of [his] intent . . . and [he] was pressed for time due to [his] African customs of which [he is] of the Iteso tribe."[19] (ECF No. 35, at 1.) Masika's explanation for why he violated the conditions of supervised probation is not complex or difficult to present therefore requiring representation at his probation violation hearing. *See Gagnon*, 411 U.S. at 786–87 (explaining that probationers may require counsel when a probation revocation hearing "requires the examining or cross-examining of witnesses or the offering or dissecting of complex documentary evidence"). Consequently, Masika fails to demonstrate that he had a constitutional right to counsel at his probation violation hearing and, thus, he fails to state a claim of ineffective assistance of counsel. *See Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985) (citation omitted) ("The right to effective assistance is dependent on the right to counsel itself.").

Moreover, even if Masika did enjoy a constitutional right to representation at his probation violating hearing, Masika's claim that counsel was ineffective for failing to note an appeal of his sentence is meritless. Masika claims that he received a prejudicial and malicious sentence because his guidelines did not recommend incarceration. (§ 2254 Pet. 10.) However, the relevant statute provides that:

---

[19] Elsewhere in his filings to the Court, Masika explains that he violated the conditions of his probation because he traveled to Africa for his brother's funeral. (*See* ECF No. 18, at 4, 8.)

> [i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then: (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

Va. Code Ann. § 19.2–306(C) (West 2018). Section 19.2–306 of the Virginia Code

> obviously confer[s] upon trial courts wide latitude and much discretion in matters of suspension and probation . . . and, to that end, should be liberally construed. In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations.

*Wright v. Commonwealth*, 526 S.E.2d 784, 786 (Va. Ct. App. 2000) (internal quotation marks and citations omitted).

In Masika's case, the Circuit Court originally sentenced Masika to a total of fifteen years of imprisonment—five years on each count—and suspended four years and eight months on each count, for a total of fourteen years suspended, and an active sentence of one year. (ECF No. 32–1, at 4–5.) The statutory maximum for each of these convictions was ten years of imprisonment. *See* Va. Code Ann. § 18.2–172 (West 2018); Va. Code Ann. § 18.2–178 (West 2018); Va. Code Ann. § 18.2–10 (West 2018). On October 27, 2016, after Masika entered a plea of *nolo contendere* to violating conditions of his supervised probation, the Circuit Court revoked Masika's sentence and re-suspended all but eighteen months of imprisonment. (ECF No. 32–5 at 2, 4–5.) Masika's sentence for violating the conditions of his supervised probation was well within the statutory maximum for each conviction and, thus, was not prejudicial or malicious. *See Carbaugh v. Virginia*, 449 S.E.2d 264, 268 (Va. Ct. App. 1994) (affirming a defendant's sentence for violation of his probation because it was within the statutory maximum of his underlying convictions). Accordingly, trial counsel was not ineffective for failing to note an

appeal of the sentence that Masika received for violating the conditions of his probation on the basis that his sentence was prejudicial or malicious. *See Anthony*, 149 F. App'x at 136.

Masika fails to demonstrate that he had a constitutional right to representation at his probation violation hearing or that, even if he somehow had a right to counsel, counsel was ineffective for failing to argue that he received a prejudicial and malicious sentence for violating the terms of his supervised probation. Therefore, counsel cannot serve as cause for the default of his Claim Four. Claim Four is procedurally defaulted, barred from review here, and will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 30) will be GRANTED. Masika's claims will be DISMISSED and the § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: July 11, 2018
Richmond, Virginia